# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MALAKA SANDERS,** | Case No. 4:22-cv-05414-YGR |
| Plaintiff, | **ORDER OF DISMISSAL** |
| vs. | |
| **CALIFORNIA CIVIL RIGHTS DEPARTMENT,**[1] | |
| Defendant. | |

Plaintiff commenced this action on September 22, 2022. (Dkt. No. 1.) The undersigned previously dismissed a strikingly similar complaint alleging violations of Title VI filed by plaintiff in *Sanders* v. *Department of Fair Employment & Housing*, No. 4:21-cv-07740 ("Prior Action"). The Prior Action was dismissed after plaintiff frivolously attempted to state a claim for relief and willfully proceeded to disregard the Court's guidance and flout basic rules of procedure. In dismissing the Prior Action on August 16, 2022, the Court directed plaintiff to Rule 4 of the Federal Rules of Appellate Procedure to the extent she wished to appeal the Court's final disposition of her claims. Rather than timely file an appeal, plaintiff commenced a new action against the California Civil Rights Department concerning the same underlying facts. Suing under a new name is immaterial since this concerns the same defendant as demonstrated by public records properly subject to judicial notice.[2]

---

[1] Erroneously sued as the State of California Civil Rights Department.

[2] The Department of Fair Employment and Housing was renamed to the California Civil Rights Department effective July 1, 2022. *See* https://calcivilrights.ca.gov/.

Given the plaintiff's status as a pro se litigant, the Court construes the filing of her "new" action as an improper request for reconsideration of the Prior Action that has reached finality. Such construction is consistent with the undersigned's familiarity with plaintiff's frivolous tactics. There are no new laws or facts to justify a different result, including the changing of the defendant entity's legal name. Accordingly, this action is dismissed consistent with the Court's orders in the Prior Action.

Notably, this action fails for additional reasons. The California Civil Rights Department filed a motion to dismiss on the grounds that plaintiff failed to state a Title VI claim. (Dkt. No. 13.) This largely tracks what the Court has already decided in the Prior Action. Plaintiff failed to timely file any opposition, effectively conceding the merits of the Court's prior orders and the defendant's motion to dismiss. Alternatively, dismissal for failure to prosecute is also proper. Plaintiff's repeated claim lacks merits, she continuously has abused process, her frivolous filings hinder finality and detract from judicial economy, and she has been previously warned that her tactics will have consequences.

For the foregoing reasons, this action is dismissed. The Clerk is **DIRECTED** to close the case, enter judgment against plaintiff in favor of the California Civil Rights Department, and email plaintiff a copy of this order and the judgment. Plaintiff is warned that subsequent filings may be summarily denied.

This Order terminates Docket Number 13.

**IT IS SO ORDERED**.

Dated: November 16, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**